## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. GOSS.

### No. 8812.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1938.

*Rehearing Denied Dec. 13, 1938.

HUTCHESON, Circuit Judge, dissenting.

Grover Middlebrooks, of Atlanta, Ga., for appellant.

Bond Almand, of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This case was tried without a jury, upon an agreed statement of facts. It is an action upon a policy of life insurance, in the sum of $5000, issued by appellant on March 20, 1920. Premiums were duly paid, except the semi-annual premium due September 30, 1935. The insured died more than three months thereafter without having elected any of the options provided in the policy. Thereupon, option 3 automatically provided that insurance for the face of the policy, plus any outstanding dividend additions and less any indebtedness thereon due the company, should continue in force from date of default for such term as was provided in the policy.

Upon date of default, the cash value of the policy was $1817.50. Against this amount was a loan of $1629.83, six months' interest thereon amounting to $48.89, a premium note of $65 plus $1.95 interest, aggregating $1745.67 which, when deducted from the cash value of $1817.50, left $71.83 which was admittedly sufficient to provide term insurance for 203 days or until after the death of the insured.

The company contends that, properly, only the following items have been deducted from the cash-surrender or loan value:

| | |
|---|---:|
| Premium loan note, principal | $ 65.00 |
| Interest on $65.00 from March 30, 1935, to September 30, 1935 | 1.95 |
| Policy loan evidenced by advance agreement, principal | 1,629.83 |
| Advance interest due March 30, 1935, on $1,629.83 for one year at 6% is $97.79. This interest added to principal of $1,629.83 makes the total indebtedness under the advance agreement as of March 30, 1935, $1,727.62. | |
| Interest on $1,727.62 from March 30, 1935, to September 30, 1935, at 6% | 51.83 |
| Total | $1,748.61 |

Under this calculation, there was a net cash value of $68.89, which was sufficient to provide term insurance for only 199 days which expired three days before the death of insured. At the time of the loan, the parties agreed as follows:

"First: That the said advance sum shall bear interest at the rate of six per centum per annum, payable in advance, and that the interest payable at the time the said advance is made shall be for a period up to the next anniversary of the said policy, beginning with which anniversary the interest shall be payable annually in ad-

vance, and that the said interest unless paid when due shall be added to the above advance sum and bear interest at the same rate and on the same conditions.

"Third: That in any repayment of the advance sum or in any settlement of said policy the Company guarantees to refund any advance interest at the time of said repayment or settlement."

■ This controversy depends upon a proper construction of the quoted paragraphs. The only point of disagreement is an item of $1.47 charged by the company as compound interest upon unearned interest. That it was proper to charge interest upon interest is clear; but the loan agreement provided that, upon repayment of the sum borrowed or in any settlement of the policy, the company would "refund any advance interest at the time of said repayment or settlement." In this case, as the "advance sum" or money borrowed was repaid at the date of the settlement, the company was obligated to debit itself with the unearned compound interest for which it had taken credit, as well as with the unearned interest.

We agree with appellant that, under the loan agreement, the interest was payable in advance for one year from March 30, 1935, and, since it was not so paid, that the same was properly added to the principal and treated as such, subject to the provision that appellant would refund unearned interest upon a settlement of the policy; but we do not agree that both the interest on principal and interest upon unpaid unearned interest for the ensuing year were payable in advance.

Appellant recognizes the propriety of not charging interest on the principal sum after September 30, 1935, because unearned; but it insists that the interest upon this unearned interest should be treated in a different manner. There is no warrant for this in the policy or loan agreement. On the contrary, the agreement is that the unpaid unearned interest shall bear interest at the same rate as the principal, "and on the same conditions." This means upon the same terms and conditions as to refund of advance interest at the time of repayment or settlement. In other words, interest on interest will be refunded whenever interest on principal is required to be refunded.

From this, we conclude that the company guaranteed to refund the interest on unearned interest whenever it was obligated to refund unearned interest. As in this case it admits the guarantee to refund the latter, we think it obligated to refund the former also. Interest is the premium paid, or agreed to be paid, for the use of money. The interest admittedly to be refunded or credited here is that which was to accrue after September 30, 1935 (i. e., after the loan was paid). The item in controversy is the interest on said interest which never accrued but which existed merely as a debit under the loan agreement and was subject to a proper credit in the event the loan was repaid within less than a year. The consideration for the unearned interest failed when the loan was paid, and the consideration for the interest-on-interest failed with it, just as a promise to pay interest fails when there is no consideration for the principal amount. There can be no interest where there is no principal due. The one stems from the other.

■ Principal and interest are correlative terms, and our construction of the policy is not in accord with the anomaly of collecting interest on unearned interest, in the absence of an agreement; that is, of compounding interest for a period in which even simple interest is not owing. The loan agreement is susceptible of no such construction, but, if it were, the doubt, if any, should be resolved against the company. Mutual Life Insurance Company v. Hurni Packing Company, 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Royal Insurance Company v. Martin, 192 U.S. 149, 24 S.Ct. 247, 48 L.Ed. 385; Stroehmann v. Mutual Life Insurance Company, 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732; Travelers Protective Association v. Jones, 5 Cir., 91 F.2d 377.

Since the insured was entitled to a remission of all unearned interest, and all interest compounded thereon, as of September 30, 1935, there was sufficient cash upon the settlement of the policy to extend the insurance, as held by the lower court, until after his death. Consequently, it was properly held that plaintiff below was entitled to recover the amount of term insurance in effect, as aforesaid, together with interest thereon.

The judgment appealed from is affirmed.

HUTCHESON, Circuit Judge (dissenting).

The majority opinion, with eminent fairness, accuracy and precision, sets out the record and poses the question to be decided. My difference with it is only in the

conclusion it draws from the clearly stated facts.

My associates say "the item in controversy is the interest on said interest which never accrued but which existed merely as a debit under the loan agreement."

This statement is, in my opinion, the source and the explanation of the error into which they have fallen. My inability to agree with this statement is certainly the source and explanation of my error, if I am wrong.

It is positively provided in the loan contract, which the opinion sets out, "that the said interest, unless paid when due, shall be added to" the principal, and "bear interest at the same rate and on the same conditions." Nothing in the contract speaks of debited interest; everything, of interest accrued and accruing. The contract accrued, made due and added to the principal, the interest on it in advance for one year. It also set interest on the year's interest to accruing and on the date of the settlement interest to that date had accrued on the interest, which had been added to the principal. I cannot see how, in the face of the provisions of the loan agreement, it can possibly be said that interest on the interest did not run and accrue pari passu with the interest on the principal, which everybody admits was running and accruing from March 30 to September 30. The simple mathematics of the company's contention, as the opinion sets it out, seems to me to unanswerably demonstrate how completely wrong the statement in the opinion is, that "the item in controversy is the interest on said interest which never accrued but which existed merely as a debit."

It demonstrates too, how wrong is the conclusion of the majority, that the company is not entitled to have the interest, which had accrued on interest to September 30, and which the insured had agreed to pay. All connected with the case, appellant and appellee, District Judge and appellate judges, agree that the contract accrued and made due and payable as of March 30, the interest for the whole year on the principal sum advanced. All agree that a full year's interest, not interest for part of a year, was due and payable in full on that date. All agree that the contract charged, and that it was legal and proper to charge, interest on that interest from March 30, at the same rate and under the same conditions as interest was to be paid on the principal sum. All agree that but for the set-tlement agreement no refund or rebate of any of the interest accrued on the principal as of March 30, or any of that accrued or to accrue on the interest, would have been due. What the settlement clause guaranteed was not a refund of any interest as of March 30, but a refund as of the date of the settlement, of all the interest which, though it had been accrued by the contract, and had been paid, was in law referable to the period of time which was yet to run, towit, the period from the date of the settlement, September 30, 1935, to the next premium date, March 30, 1936. Under that agreement the company was obligated to refund "as of September 30th" so much of the interest on the principal as, if it had not been payable and paid in advance, would not then have accrued; that is, the interest referable to that part of the year following September 30. It was not obligated to refund any interest for the time that had run, either that, that had run on the principal advanced, or that, that had run on the full amount of the interest loaned on March 30.

The loan contract, by its terms, accrues and makes due and payable in advance on March 30, a whole year's interest on the principal. It provides further that the interest so accrued shall be added to the principal, and "bear interest at the same rate and on the same conditions." All that the appellant contends for is, that the whole principal thus created, by adding the year's interest to the original sum advanced, shall bear interest up to, but not beyond, the settlement date. I do not see how its demand can, consistently with the law of contracts, be denied.

The majority has given it interest from March 30 not on all the interest it loaned the insured on that date, but only on a part of the sum it then loaned him. But this was not the agreement. The agreement was, that it was to have interest on the full amount of the interest it then loaned him, to pay the amount which by the contract had accrued on the principal. I can find no warrant in the contract, or in anything in the record, for awarding the insurer interest on a less sum than it loaned the insured, less interest than the assured had agreed to pay.

With deference, I think the error of the majority arises from their failure to appreciate what in fact actually occurred here; this was, that the insured, having no funds on the due date with which to pay the

full year's interest in advance, as he was required to do, borrowed that amount, $97.-79, not $48.89, as the majority would have it appear, agreeing to pay interest on the full sum borrowed for the time he had it. He kept this $97.79 until September 30. When the time came for settlement, he was required, in justice and in accordance with his agreement, to pay interest on this $97.79 he had borrowed to that date. This is all the appellant asks of him. This is what his agreement required him to do.

The majority seem to think that this was not a real transaction, but just a matter of bookkeeping. I do not see how they can do so. With deference, the statement of the majority that this interest, which the insured agreed to pay, and which, because he had borrowed and had had the use of the whole $97.79 from March 30, when he borrowed it, until September 30, when he made the settlement, he was obligated in law and in morals to pay, was "interest on interest which never accrued", is wholly without foundation in fact or in law. If the insured had borrowed the $97.79 from a stranger, interest would have accrued and he would certainly have had to pay interest on it for the full time that he had had it. I cannot see how, merely because he borrowed it from the insurer under an agreement to pay interest for the time he had the use of it, he should not be required to keep his agreement.

With deference, what the majority has done has in effect converted an agreement that the insurer would, on settlement, return him all interest referable to the time not yet run, into an agreement the parties did not make for themselves, but the court makes for them, that on money which the insured had borrowed from the company to pay the interest due on March 30 he would be required to pay in the settlement, not as he had agreed to do, interest on all the borrowed sum, but on only half of it.

With deference, this case seems to me to be one in which, because the extended insurance has run out, and the policy has lapsed two days before the death of the insured because of the lack of only $1.47 more of credit to the insured's account, ingenuity to construe has been resorted to, to save the policy, under the theory that a contract must be construed most strongly against those who make it. With deference, that canon of construction has no application to facts like these. It ought not to be resorted to here. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76

L.Ed. 416; Klein v. New York Life Ins. Co., 104 U.S. 88, 26 L.Ed. 662; McCampbell v. New York Life Ins. Co., 5 Cir., 288 F. 465; Willingham v. Equitable Life Assur. Soc., 5 Cir., 86 F.2d 72.

The result of resorting to it is, I think, bad mathematics, worse law. Indeed, I might even say that in its effect on defendant's case, " 'Tis rigor, and not law."

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the opinion in the above case are in favor of granting a rehearing, it is ordered that the petition for a rehearing be denied, but that the motion for a stay of the mandate until February 1, 1939, be granted.