Bernard Shatzkin, of Brooklyn, N. Y. (Walter H. W. Luberts, of New York City, and Julian C. Tepper, of Brooklyn, on the brief), for appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

## CLYDE C. PIERCE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9845.

Circuit Court of Appeals, Fifth Circuit.
June 4, 1941.

Rehearing Denied July 17, 1941.

FOSTER, Circuit Judge, dissenting.

———————

Giles J. Patterson and Lucien H. Boggs, both of Jacksonville, Fla., for petitioner.

Edward H. Hammond and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioner is here leveling two complaints against the findings and order of the Board. One complaint is against the finding that monies paid it on account of interest coupons, past due when defaulted bonds of political subdivisions of the State of Florida were purchased by it, are to be treated as a return of capital, and not as a payment of interest on tax exempt securities. The other is that the taxpayer is not entitled to deduct interest paid on indebtedness incurred by it to purchase and carry the bonds in question. Petitioner, since 1932, has been a dealer in, that is, has been purchasing and selling, bonds issued by political subdivisions of the State of Florida. Most of the bonds petitioner dealt in were in default. When petitioner purchased a bond which was current in payment of principal and interest, it paid a stated amount for the bonds plus a separate sum representing accrued interest to the date of purchase. However, upon purchase of bonds which were in default, a flat price, without distinction as to principal or interest, was paid for the securities. In 1933, 34 and 35, petitioner purchased for a flat price, defaulted bonds on which considerable interest coupons had accrued, and in 1934 and 1935, the tax years in question, it detached the coupons, sold the bonds and collected from the political subdivisions, the detached coupons, both those which had accrued before and those which had accrued after the purchase. In order to purchase and carry the bonds, petitioner borrowed money from banks, usually putting up municipal bonds as collateral. In its income tax returns for the taxable years, petitioner, on the ground that it represented interest on indebtedness incurred, and continued to purchase obligations, the interest on which is wholly exempt from income taxes, did not claim as a deduction, the interest it had paid on monies borrowed to carry the bonds.

The Board, following its rulings in Thompson Scenic Railway Company v. Commissioner of Internal Revenue, 9 B.T.A. 1203; Erskine Hewitt v. Commissioner of Internal Revenue, 30 B.T.A. 962, that amounts realized on coupons detached from securities in default at the date of purchase are not interest but a return of cost, and on the authority of Willcuts v. Bunn, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260 and United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. ——, sustained commissioner's determination, that monies collected from political subdivisions on account of accrued coupons it had detached from the bonds, were received as returns of capital and not as tax exempt interest. Conceding that the securities in which petitioner dealt and for the carrying of which it had borrowed monies from the banks, were tax exempt securities within the meaning of Sec. 23(b), Revenue Act of 1934, 26 U.S.C.A.Int.Rev. Code § 23(b),[1] it sustained the commissioner's determination, that the interest petitioner had paid, on money borrowed to carry these securities was not a deductible item.

Petitioner is here insisting, that the Board rulings relied on, for the holding,

———————

[1] "interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations * * * the interest upon which is wholly exempt from the taxes imposed by this title [chapter]."

on the first question, that sums collected on account of accrued interest are not interest but a return of capital, are not in point, because they dealt with interest on non-exempt securities, whereas what is in question here is interest collected as such on tax exempts and because, of lack of power to tax state securities, sums so collected are constitutionally exempt from taxation, without regard to whether the coupons were current or past due when the securities were purchased. On the second question petitioner insists that the Board's holding is in effect that the securities it purchased were not tax exempt as to accrued interest and that if this holding is correct, consistency requires the holding that the interest petitioner paid on monies borrowed to carry them is a deductible item.

■ We do not think so. We think the Board was right throughout. We think it may not be doubted, that a purchase, at a flat price, of securities of political subdivisions, which are in default, is a capital transaction. Nor may it be doubted that a capital gain or loss on account thereof is to be determined by the difference between the amount paid, and the amount received therefor, wholly without regard to whether this amount is received, by resale of the securities as a whole, resale of the bonds with coupons detached and a collection of the coupons, or by a collection of the whole principal and accrued interest from the political subdivision.

The fact that the accrued coupons are paid as interest is without significance. The real question, the only one for tax purposes, is what was the gain or loss made on the purchase. This is to be determined by taking into account all receipts on account of the purchased securities, including not only what was received from the sale of the bonds but what was paid by the debtor on account of the accrued interest.

■ On the second question, petitioner stands no better. The statute providing that no deduction for interest shall be allowed when the interest was paid on indebtedness incurred or continued to purchase or carry obligations, the interest on which is wholly exempt from income tax, means exactly what it says. It must be applied as written. The securities in which petitioner dealt, securities of political subdivisions of the State of Florida, are certainly obligations, the interest on

which is wholly exempt from income tax and the money it borrowed and paid interest on was money borrowed to purchase or carry them. The fact that petitioner must pay an income tax on account of capital gains, realized from its activities as a dealer, in the purchase and sale of such securities, which are in default, and that a part of the purchase price was for the accrued and defaulted interest, does not at all affect the question, of whether the securities it dealt in are tax exempt securities.

To give the invoked statute any other effect than that given by the Board, would be not to enforce but to rewrite it. The Board by allowing petitioner, as tax exempt, all interest accruing on his securities after his purchase has recognized that the securities are tax exempt. The fact that the accrued interest by virtue of its having been purchased after its accrual has, as to petitioner, really become part of the principal, does not change the fact that petitioner was a dealer, and dealt in non-exempt securities. Nor is the fact that he collected only a small amount of tax exempt interest from them, as compared to the amount of interest he paid on money borrowed to purchase and carry them, of any significance.

The finding and order of the Board was right. Its order is affirmed.

FOSTER, Circuit Judge, dissents.