**Ellis CAMPBELL, Jr., Director of Internal Revenue for the Second Collection District of Texas,**

v.

**William A. SAILER and Wife, Patricia O'Leary Sailer.**

**No. 15315.**

United States Court of Appeals Fifth Circuit.

June 30, 1955.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Spe. Asst. to the Atty. Gen., John C. Ford, Asst. U. S. Atty., Dallas, Tex., Ethan B. Stroud, Hilbert P. Zarky, Spe. Assts. to the Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellant.

Webster Atwell, Dallas, Tex., Walton Grayson, III, Dallas, Tex., of counsel, for appellees.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

William A. Sailer, who will hereafter be called the taxpayer, and Patricia O'Leary Sailer, his wife, filed Federal income tax returns for the years 1950 and 1951 reporting as capital gains moneys

received during those years as interest upon a note of Texas Public Utilities Corporation. The Bureau of Internal Revenue took the position that the funds received were ordinary income. The Commissioner of Internal Revenue issued a 90-day letter proposing tax deficiencies, and the amounts thereof were paid by the taxpayer to the defendant Director of Internal Revenue, a claim for refund was filed and rejected, and suit was filed seeking repayment. A trial before the Court without a jury resulted in a judgment for the taxpayer from which the defendant Director has appealed.

In 1935 Texas Public Utilities Corporation issued its "Income Note" to the order of American Power & Light Company in the principal sum of $2,500,000, payable on or before November 30, 1940, "with interest thereon before and after maturity, if, as and when earned, at the rate of Seven Per Centum (7%) per annum". The note included a detailed formula for computing income applicable to the payment of interest. American Power & Light Company also owned all of the common stock of Texas Public Utilties Corporation.

On May 15, 1947, the taxpayer and others purchased the income note and common stock of Texas Public Utilities Corporation from American Power & Light Company for an aggregate price of $711,000. The taxpayer acquired ten per cent. of the purchase for which he paid $71,100. There was then an unpaid principal balance of $2,040,000. Interest in the amount of $603,469.25 to the date of the purchase had not been paid. There were no earnings, computed by the formula of the note, then available for payment of interest. There was no allocation of the purchase price between the unpaid principal and the unpaid interest. The purchasers acquired the right to receive both. Upon the purchase being made ownership was registered on the books of the corporation.

Earnings of Texas Public Utilities Corporation, computed pursuant to the formula, became available in the years 1947, 1948 and 1949 and were set up during those years upon its books as an interest liability in the amount of $603,-469.25. To apply upon his share of these interest accruals the taxpayer received $10,000 in 1950 and $20,000 in 1951. These are the items which taxpayer contends are capital gains and which the Government insists are ordinary income. The District Court held that the right to receive the interest unpaid as of the time of purchase was a property right and a capital asset as defined in the Internal Revenue Code. 26 U.S.C.A. § 117(a) (1), now § 1221, I.R.C.1954, 26 U.S.C.A. The District Court also held that the interest paid was not income within the statutory definition. 26 U.S.C.A. § 22 (a), now § 61, I.R.C.1954.

■ It is the general rule that money received by a taxpayer on account of interest which was past due when the interest bearing obligation was acquired, known as a flat purchase, is to be treated as a payment of capital and subject to capital gain treatment in the computation of income tax. Clyde C. Pierce Corporation v. Commissioner of Internal Revenue, 5 Cir., 1941, 120 F.2d 206. The rather narrow question here is whether the provision in the note for payment of interest "if, as and when earned" takes the case out of the flat purchase rule and requires that the amounts received be taxed as ordinary income.

■ Interest is the premium paid, or agreed to be paid, for the use of money. Pacific Mut. Life Ins. Co. of California v. Goss, 5 Cir., 1938, 99 F.2d 658. The purchase of the taxpayer and his associates included, as well as the right to demand and receive the unpaid principal, the right to demand and receive also the interest, and this right was no less real and valid because it could not be exercised unless and until earnings were available out of which it could be paid. Such right was a property right. It was as much merged with the principal by virtue of the flat purchase as though the time for the payment of interest had been on fixed dates prior to the purchase. The inter-

est, when paid, was for the period prior to the purchase and was the premium paid for the use, prior to the purchase, of the money loaned and unpaid.

■ In the proceedings in the District Court we find the interest out of which this controversy arose referred to as "accumulated", "backed up and accumulated", "backed up and unpaid", and as "accumulated and unpaid". It may be significant that the term used in the note is "accrued". But the concern here is with substance and not with tags and labels. The taxpayer acquired a right, conditional though it may have been, to the unpaid interest to the date of purchase and such right was a capital asset. Upon payment the profit to the taxpayer was subject to taxation as capital gain rather than as ordinary income.

The Government submits as controlling authority and as the only case completely similar to the case here considered, National City Lines, Inc. v. United States, 3 Cir., 1952, 197 F.2d 754. There the notes purchased carried a provision that interest was payable only from interest paid on bonds of the obligor pledged to secure the note issue, and interest on the bonds was payable only out of earnings. The Court held that the flat purchase doctrine did not apply where the liability of the obligor to pay the interest was contingent. The Court conceded that there were no prior cases recognizing the distinction which it made. The opinion sets forth the well recognized rule that a taxpayer on an accrual basis cannot accrue an expense item while its liability to pay such item is contingent. From this it is reasoned that since the obligor, if on an accrual basis, could not have deducted its note interest until its liability was fixed, the holder of the obligation could not include the unpaid interest as accrued in order to invoke the flat purchase rule per-

mitting the use of the capital gains basis of reporting the profit realized when the interest was paid. We cannot follow such reasoning. We think the opinion of the District Court declining to make the distinction based upon what seems to us to be an inapplicable analogy is better reasoned. National City Lines, Inc., v. United States, D.C.Del.1951, 97 F.Supp. 283. Consideration has been given to McDonald v. Commissioner of Internal Revenue, 6 Cir., 1954, 217 F.2d 475, and we find in it nothing to persuade us against the conclusion here reached.

■■ The capital gains tax basis applies only to the sale or exchange of capital assets. 26 U.S.C.A. § 117(a), now § 1222, I.R.C.1954. The Government suggests that the payment of interest to the taxpayer was not a sale or exchange within the meaning of the statute. The provision is:

"For the purposes of this chapter, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor." 26 U.S.C.A. § 117(f), now § 1232(a) (1), I.R.C. 1954.

It is not necessary that the obligation be completely retired. A *pro tanto* retirement meets the demands of the Act. There need not be a surrender of the instrument evidencing the obligation in order to have a partial retirement of it. The note was subject to registration and was registered upon its acquisition by the taxpayer and his associates.

The judgment of the District Court is affirmed.